UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES SMALLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV319 RWS |
| | ) | |
| MICHAEL GAMACHE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to dismiss his case without prejudice. Defendants oppose dismissal without prejudice unless refiling is conditioned upon payment of reasonable attorney's fees and costs. Plaintiff seeks dismissal because he claims he has not been able to adequately prepare his case due to his status in administrative segregation and defendants' alleged refusal to comply with his discovery requests. He also seeks dismissal because he disagrees with my prior discovery rulings.

Once a defendant has answered the complaint in a case, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); see also Hamm v. Rhone–Poulenc Rorer Pharm., Inc., 187 F.3d 941, 950 (8th Cir. 1999). "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side. Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." Paulucci v. City of Duluth, 826 F.2d 780, 782 (8th Cir. 1987). Courts should consider the following factors in determining whether to grant a plaintiff's motion for voluntary dismissal: (1) whether the defendant has expended considerable effort and expense in preparing for trial; (2) whether the plaintiff

exhibited "excessive delay and lack of diligence" in prosecuting the case; (3) whether the plaintiff has presented a sufficient explanation for the desire to dismiss; and (4) whether the defendant has filed a motion for summary judgment. Id. at 783. The Eighth Circuit has specified that a showing of "plain legal prejudice" is required to deny a dismissal without prejudice, which requires more than a showing that the plaintiff will gain a tactical advantage as a result of its action. Hoffman v. Alside, Inc., 596 F.2d 822, 823 (8th Cir. 1979).

Upon granting a voluntary dismissal, a court may, in its discretion, award costs to the defendant that were incurred in defending the action prior to the voluntary dismissal. See Sequa Corp. v. Cooper, 245 F.3d 1036, 1038 (8th Cir. 2001). The Eighth Circuit has stated that "district courts typically impose the condition that plaintiff pay the defendant the reasonable attorney's fees incurred in defending the suit." Belle–Midwest, Inc. v. Mo. Prop. & Cas. Ins. Guarantee Ass'n, 56 F.3d 977, 978–79 (8th Cir. 1995). "In fact, [the Eighth Circuit] has held that under certain circumstances, it is an abuse of discretion for a district court not to condition a voluntary dismissal upon plaintiff's payment of costs and attorney's fees if the case is refiled." Id. at 979 (citing Kern v. TXO Production Corp., 738 F.2d 968, 972 (8th Cir. 1984).

Here, defendants have not yet moved for summary judgment, and while the case is old, both parties have requested extensions of time so I cannot find that plaintiff has not diligently pursued his case. As for plaintiff's stated reasons for requesting dismissal, I have repeatedly explained that defendants have complied with his discovery requests and are not denying him access to the courts. Moreover, I continue to believe that my prior rulings are correct. Given the age of the case, the progress of the litigation, and plaintiff's stated reasons for dismissal, the interests of justice require that plaintiff's motion to dismiss without prejudice be granted only if

refiling is conditioned upon the payment of reasonable attorney's fees and costs to defendants. The Court will order defendants to file a detailed affidavit listing the costs and fees that they believe are the result of plaintiff's requested dismissal.[1] After receiving this affidavit, I will enter an order listing the amount of fees and costs that plaintiff must pay defendants if this cause of action is refiled and giving plaintiff an opportunity to accept these conditions or withdraw his dismissal motion. See Heitert v. Mentor Corp., 2007 WL 4051644, at *2 (E.D. Mo. Nov. 15, 2007).

Accordingly,

**IT IS HEREBY ORDERED** that defendants shall submit an affidavit in accordance with this Memorandum and Order by September 14, 2012.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 6th day of September, 2012.

---

[1] I will not award any fees or costs for any work that may be reused in any subsequent litigation.