UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES SMALLEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:10CV319 RWS |
| MICHAEL GAMACHE, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before me on a letter plaintiff sent to the Clerk of Court and a motion for appointment of counsel. Although plaintiff has failed to file a notice of change of address in accordance with the local rules, he has apparently been transferred to Western Missouri Correctional Center, 609 East Pence Road, Cameron, Missouri 64429, so I will Order the Clerk of the Court to update the docket sheet accordingly. It is unclear what plaintiff is asking the Clerk of the Court to send him - this case is three years old and has 113 docket entries. Because plaintiff's trial date is fast approaching, **I will order the Clerk of the Court to send copies of the following documents only to plaintiff as a one-time courtesy**: docket sheet; complaint [#1]; Order denying summary judgment [#108]; Order relating to trial [#109]; and, plaintiff's letter [#112].

As for plaintiff's request for a lawyer, I have considered it under the appropriate standards and find that no appointment of counsel is necessary.[1] Plaintiff states he needs a lawyer to hire

---

[1] There is no constitutional or statutory right to appointed counsel in a civil case. <u>Nelson v. Redfield Lithograph Printing</u>, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors including (1) whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further

an expert witness and conduct discovery, but **as plaintiff is well aware, all discovery in this matter is closed so no expert witness could be presented and no additional discovery could be conducted by appointed counsel**. This case is not factually complex. Plaintiff is not entitled to a lawyer, and I do not find that appointment of counsel is warranted. This case is set to go to trial in a little over a month. If plaintiff is seeking an extension of the trial date due to his transfer or for any other reason, then he must file a timely motion in accordance with the local rules for the Court's consideration.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall update the docket sheet to reflect plaintiff's current address of **Western Missouri Correctional Center, 609 East Pence Road, Cameron, Missouri 64429** and shall provide copies of the following documents to plaintiff at his new address: docket sheet; complaint [#1]; Order denying summary judgment [#108]; Order relating to trial [#109]; and, plaintiff's letter [#112].

**IT IS FURTHER ORDERED** that the motion for appointment of counsel [#113] is denied.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of May, 2013.

---

investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.