UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES SMALLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CV319 RWS |
| | ) | |
| MICHAEL GAMACHE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on plaintiff's motion to reconsider my earlier denial of his

motion for appointment of counsel.  This time, plaintiff claims he needs a lawyer because "he is

need of certain witnesses that he has not been able to get in touch with," he is not familiar with

how to conduct a trial, and he wants to present demonstrative exhibits at trial.  I have again

considered the request for appointment of counsel under the relevant standards, and I again find

that no appointment of counsel is necessary.[1]  The reasons plaintiff has advanced do not entitle

him to a lawyer to represent him in the straightforward case.  Plaintiff has represented himself in

this action to date, and there is no reason to believe that he cannot continue to do so at trial.  The

federal and local rules provide the means for plaintiff to seek the attendance of witnesses at trial

and present evidence to the jury without the assistance of an attorney.  It remains plaintiff's

---

[1]As I previously stated, there is no constitutional or statutory right to appointed counsel in
a civil case.  Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984).  In
determining whether to appoint counsel, the Court considers several factors including (1)
whether the plaintiff has presented non-frivolous allegations supporting his prayer for relief; (2)
whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there
is a need to further investigate and present the facts related to the plaintiff's allegations; and (4)
whether the factual and legal issues presented by the action are complex.  See Battle v.
Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23
(8th Cir. 1986); Nelson, 728 F.2d at 1005.

obligation to read and comply with these rules.  With respect to jury instructions, the Court understands that plaintiff is not an attorney, but plaintiff is still responsible for researching and submitting his request for jury instructions.  As always, it is the Court's responsibility to properly instruct the jury.  As plaintiff is not seeking a continuance and the appointment of counsel is not warranted, the motion for reconsideration will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration [#117] is denied.


_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 10th day of June, 2013.

- 2 -