UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES SMALLEY,                  )
                                     )
        Plaintiff,            )
                                     )
     vs.                        )     Case No. 4:10CV319 RWS
                                     )
MICHAEL GAMACHE, et al.,    )
                                   )
        Defendants.     )

## MEMORANDUM AND ORDER

This matter is before me on plaintiff's motion for an extension of time to file his pretrial materials. Under the case management order, plaintiff's initial pretrial materials were due on June 18, 2013. Plaintiff did not even place his pretrial materials in the prison mailing system until June 20, 2013. Defendants seek dismissal of plaintiff's case with prejudice as a sanction for failing to timely file his materials. Defendants contend that they are unfairly prejudiced and that plaintiff has gained an unfair tactical advantage by having defendants' pretrial materials before he filed his own. Because plaintiff had not timely filed his pretrial materials, I removed this case from the trial docket, thereby ameliorating any potential prejudice defendants may have suffered as a result of plaintiff's untimely filing. While I cannot condone plaintiff's tardy compliance with my Order, dismissing his case with prejudice would be too harsh a sanction under these circumstances. Therefore, I will reset plaintiff's case for trial on a special setting of October 15, 2013. This is the only case on my docket that week, and it will be reached for trial.

As for the substance of plaintiff's pretrial submission, plaintiff asks the Court to issue trial subpoenas for nine witnesses on his proposed witness list. However, plaintiff failed to comply with Local Rule 2.06 governing such requests, which provides in relevant part as

follows:

> (1) Pro se litigants proceeding in forma pauperis must file a written request for the issuance of any witness subpoenas, setting forth the name and address for each witness for whom a subpoena is sought, along with a brief summary of the substance of the witness' anticipated testimony . . . .

> (2) All pro se litigants must include in any application for a writ of habeas corpus ad testificandum for a non-party witness the name, inmate number, if any, and address of the witness, along with a brief summary of the substance of the witness' anticipated testimony . . . .

E.D.Mo. L.R. 2.06(C)(1) and (2).  This request will be denied without prejudice to plaintiff filing a request in compliance with this Order.  Although the local rules require these requests to be filed at least 21 days before trial, plaintiff  shall file any such request by August 1, 2013, to afford the Court sufficient opportunity to consider and, if granted, to act on the request.  Any such requests for witness subpoenas or writs of habeas corpus ad testificandum shall comply in full with the above-cited local rule and be filed by August 1, 2013.

The Court will construe the document entitled "Summary of the Facts" as plaintiff's trial brief, but plaintiff must still file his exhibit list and proposed jury instructions in compliance with the Court's case management order.  These materials should be filed no later than August 1, 2013.  That does not mean that plaintiff must wait until August 1, 2013 to deposit these documents in the prison mail system.  The Court expects plaintiff to be working on these documents, as well as his request for trial subpoenas and writs of habeas corpus ad testificandum, **now and to file them as soon as possible, but in no event later than August 1, 2013.  Plaintiff will receive no more extensions of time to file his pretrial materials, and if they are not timely filed then the Court will dismiss this action with prejudice with no further notice from this Court.  This is plaintiff's last chance to comply with the Orders of this Court and prosecute his case to**

**trial.**  Objections to pretrial submissions and any motions in limine must be filed no later than August 15, 2013.  Responses to any motions in limine must be filed by September 1, 2013.

Accordingly,

**IT IS HEREBY ORDERED** that **this case is set for JURY trial on October 15, 2013 at 8:30 a.m.  This is a special setting and this case will be reached on this date.**

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time [#126] is denied as moot.

**IT IS FURTHER ORDERED** that **plaintiff shall file any requests for witness subpoenas or writs of habeas corpus ad testificandum by August 1, 2013.  Any such requests shall comply in full with this Order.**

**IT IS FURTHER ORDERED** that plaintiff shall file his exhibit list and jury instructions in compliance with Paragraphs 4 and 6 of the Order Relating to Trial [#109] issued on April 1, 2013 by **August 1, 2013.  All objections to pretrial submissions and any motions in limine must be filed no later than August 15, 2013.  Responses to any motions in limine must be filed by September 1, 2013.  Failure to timely comply with this Memorandum and Order will result in the dismissal of this action with prejudice without further notice from this Court.**

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of July, 2013.

- 3 -